### STATE *vs.* GEORGE LOCKWOOD.

*Assault—Husband and Wife.*

1. An assault defined.

2. If one who is a guest at the house of another is requested to leave said house and refuses to do so, the husband or head of the family is justified in using so much force as is necessary to eject him, but no more.

3. Although the wife be the owner of the house occupied by the family and the guest has her consent to remain, that fact does not affect the rights or powers of the husband as the head of the family, who may use the necessary force to eject the said guest from the premises, after his refusal to leave when requested so to do.

*(October 27, 1897.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.
*R. C. White*, Attorney-General, for the State.
*Arley B. Magee* for the defendant.

Court of General Sessions, Kent County, October Term, 1897.

The defendant was indicted at this term for assault with intent to commit murder, upon one Asbury Cannon, in May, 1897, at the defendant's house in Milford.

The evidence showed that the said house occupied by the defendant and his wife and family was owned by the wife. That the prosecuting witness (who was the brother of Mrs. Lockwood) had been permitted by her to live in the house as one of the family for a number of months without paying anything toward the support of the family. That Cannon was told by Lockwood to leave the house, which he refused to do, but took a chair and assumed a threatening attitude; that Lockwood then assaulted him with a pitch-fork, which was taken from him by his son, and later with a stick or club; that a fight than ensued between the two.

Before going to the jury the Attorney-General withdrew the charge of assault with intent to commit murder and urged conviction of assault only.

PRAYERS—CHARGE OF COURT.

The State prayed the Court to charge the jury, that where one is occupying a room or a house lawfully and the owner or tenant of the house seeks to eject him, he must first request him to leave.   If he refuses to do so; he must first use moderate means to eject him, and after that he must use only such means as are necessary to accomplish his purpose; but if he uses more force than is necessary to accomplish that purpose, or uses force before he has made the request to remove, then he becomes an aggressor and is guilty of an assault.

### DEFENDANT'S PRAYERS.

Defendant's counsel prayed the Court to charge the jury as follows:

*First.*   That where a man is in his own dwelling and is there attacked by another in such a manner that he is led to believe that great bodily harm may befall him, in that case he is justifiable in using whatever force may be necessary to protect himself against his assailant.

*State vs. Talley, 9 Houston, 425.*

*Second.*   That the Court charge the jury as to the extent of the right of an individual to defend his person and his house, called in law his "Castle," and his right of defense when assaulted in his own house by a stranger.

*Third.*   That even if the wife was the owner of the house, the husband was still the head of the family and had the right to eject therefrom any person whose presence he did not desire.

*Fourth.*   That if the jury believe that George Lockwood had the right to order Asbury Cannon to leave his house and Cannon refused so to do, it made him a trespasser *ab initio.*

LORE, C. J., charging the jury:

Gentlemen of the jury:—George Lockwood, the prisoner at bar, is indicted for assault with intent to commit murder.   The State in this case only asks, however, that the prisoner shall be found guilty of an assault.   You are therefore relieved from any deliberations as to any intent to commit murder, if an assault was committed.

## CHARGE OF COURT.

An assault is an attempt with violence to do an injury to another with the means at hand of carrying that purpose into execution.

The facts of this case are before you; you are the exclusive judges of the evidence, and are to say whether or not an assault was committed in this case. If in your judgment, from the evidence, no assault was committed upon the prosecuting witness Cannon by George Lockwood, your verdict should be not guilty.

Even if you believe an assault was committed, upon the evidence, we have been asked to charge you as to the law in certain phases of such assault.

If the prosecuting witness, Asbury Cannon, was a mere guest at the house of Lockwood liable to be dismissed at pleasure then whenever the head of the family, which is the husband, ordered him to go out of that house and he failed to do so (it being the dwelling house of the husband and the wife and children), the head of the family, the husband, had a right to use so much force as was necessary to eject him.

If that was the condition and George Lockwood only used so much force as was necessary to eject Cannon, then we say to you that he would not be guilty of an assault in contemplation of law.

Again, we have been asked to charge you that this being the house of the wife, although Cannon might be there as a guest, yet the husband could not eject him. We are not prepared to go to that extent. This house was the dwelling in which the husband and the wife lived together with their children as one family; and while the laws of this State confer upon the wife the right to control and dispose of her own property, in many respects as if she were a *femme sole*, yet that fact does not affect the rights or powers of the husband as the head of the family. He is still the head of the family, and so far as the family relation is concerned the law has not inverted the order and made the wife such head; the husband represents the head of the family still, with all the rights appertaining thereto, not otherwise modified by law.

*Commonwealth vs. Wood, 97 Mass., 229.*

So that if you believe that they were dwelling in this house as man and wife, and this prosecuting witness was a mere guest, and failed to go out of the house at the bidding of the husband, the latter had a right to use all the force necessary to eject him ; but no more. He had no right to use undue force. If a man is attacked in his own house or the house of another, he has a right to use so much force as is necessary for his own protection.

You have all the facts in the case before you ; it is for you to say whether this defendant is guilty of assault or not guilty.

Verdict, not guilty.